## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| Plaintiff | * |
| v. | *   Criminal No. 03-134(SEC) |
| SATURNINO RIVERA-ADORNO(1) | * |
| JONATHAN SANCHEZ-GARCIA(8) | * |
| Defendants | * |



### SEALED OPINION AND ORDER

On May 6, 2004, the Government filed a motion under seal informing the Court of possible violations to Rule 6 of the Federal Rules of Criminal Procedure concerning the unauthorized disclosure of grand jury material (Docket # 218). On May 10, 2004, the Court entered a Sealed Order addressing the Government's request for an investigation and referring the matter to U.S. Magistrate Judge Aida Delgado-Colón for "a full investigation regarding the illegal disclosure of grand jury material."(Docket # 222). On March 17, 2006, after having conducted several closed hearings and hearing from approximately eight (8) witnesses in order to assess any possible violations to Rule 6 and the grand jury secrecy requirements, U.S. Magistrate Judge Delgado-Colón issued a Sealed Report and Recommendation: Disclosure of Grand Jury Material (Docket # 347). The Magistrate found no irregularities or violations to Rule 6, recommended that the Government's request for further investigation on the matter be **DENIED** and that no further action be taken in this case. None of the interested parties have filed objections to the Magistrate's Sealed Report and the time allotted for doing so has expired. Therefore, the Court will **APPROVE** and **ADOPT** the Magistrate's Sealed Report and Recommendation and will deny the Government's request for further investigation.

**Standard of Review**

The scope of review of a Magistrate's recommendation is set forth in 28 U.S.C. § 636(b)(1)(c). This section provides that "[a] judge of the [district] court shall make a <u>de novo</u>

determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Id. The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections,"'the district court can assume that they have agreed to the magistrate's recommendation.'" Alamo-Rodríguez v. Pfizer Pharms., Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). Thus, no review is required of those issues to which objections are not timely raised. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). In fact, a party who fails to file any objections to the Magistrate Judge's Report and Recommendation within ten days of its filing waives his or her right to appeal from the district court's order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia-Copete, 792 F.2d 4, 5 (1st Cir. 1986); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992) ("[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal").

**Analysis and Conclusion**

Neither party has objected to the Magistrate Judge's Sealed Report and Recommendation, thus we are not required by law to review it. However, upon review, we find no fault with Magistrate Judge Delgado-Colón's assessment and thus **APPROVE** and **ADOPT** her Sealed Report and Recommendation as our own. Consequently, the Government's request for further investigation on the above-described matter is **DENIED** and no further action will be taken on this matter.

SO ORDERED.
In San Juan, Puerto Rico, this 19th day of April, 2006.

SALVADOR E. CASELLAS
U.S. Senior District Judge